UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-335-4 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| HAKIM BENJAMIN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Hakim Benjamin ("Benjamin") styled "Objection to Magistrate's Order of Detention Pending Trial." (Doc. No. 24.) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 28). Benjamin does not seek a hearing in connection with his motion and because the motion relies primarily upon issues, arguments and evidence previously before the magistrate judge, the Court finds that the present motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court has reviewed the following:

(1) the complaint against Benjamin (Doc. No. 1);

(2) the affidavit in support of the complaint (Doc. No. 1-1);

(3) the indictment (Doc. No. 13);

(4) the revised pretrial services report ("PTSR") (Doc. No. 9, sealed);

(4) the magistrate judge's order of detention (Doc. No. 12);

(5) the transcript from the detention hearing (Doc. No. 29);

  (6)  Benjamin's objection to the order of detention (Doc. No. 24); and

  (7)  the government's response to the objection to the order of detention (Doc. No. 28).

## I. BACKGROUND

On May 26, 2022, a complaint was signed by a magistrate judge from this judicial district charging Benjamin with conspiracy and interstate transportation of stolen items, to wit: motor vehicles. (Doc. No. 1.) On June 23, 2022 a federal grand jury sitting in the Northern District of Ohio returned a multi-count indictment charging Benjamin and three other individuals with participation in a major vehicle theft ring. (Doc. No. 13.) Benjamin currently stands charged with one count of conspiracy to commit sale or receipt of stolen vehicles, in violation of 18 U.S.C. §§ 371, 2313; and one count of sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 2113. (*Id.*) At Benjamin's arraignment, the government moved for detention pending trial.

On June 6, 2022, Magistrate Judge William H. Baughman, Jr. conducted a detention hearing, after which the magistrate judge granted the government's motion. (Minutes of Proceedings, 6/6/2022; Doc. No. 12.) At the detention hearing, Benjamin relied primarily upon the PTSR that noted that Benjamin had lifelong ties to the community and a place to live if he were released. (*See* Doc. No. 9.) The writer of the PTSR recommended that Benjamin be released on a $20,000 unsecured bond with conditions. (*Id.* at 4–5.[1]) In support of its motion for detention, the government relied on the nature of the charged offenses, as detailed in the complaint affidavit, and the searches conducted by law enforcement that tied Benjamin to the

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

theft of a high-end vehicle. It also proffered a report from the Ohio State Highway Patrol in Ottawa County, Ohio, that provided that Benjamin was involved in a high-speed chase with police on February 28, 2022. According to the report, the vehicle Benjamin was driving was a 2022 Doge Hellcat stolen out of Detroit, Michigan. (Doc. No. 28 at 2.)

In his order of detention, the magistrate judge first observed that there was no rebuttable presumption of detention. 18 U.S.C. § 3142(f)(2). (*See* Doc. No. 12 at 1–2.) After considering the evidence proffered at the hearing, the magistrate judge determined that the government had proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. He found that the government had also proven, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. (*Id*. at 2.) In reaching these conclusions, the magistrate judge relied upon findings that the weight of evidence against Benjamin was strong, he was subject to a lengthy period of incarceration if convicted, his prior criminal history, his history of violence or use of weapons, his lack of stable employment, and his prior attempts to evade law enforcement. (*Id*. at 2–3.).

As further justification for his detention order, the magistrate judge held that:

Defendant Hakim Benjamin is facing federal charges of conspiracy (18 U.S.C. Sec. 371) and transporting in interstate commerce stolen cars (18 U.S.C. Sec. 2313). These happen to be fast, expensive cars. According to the government's Exhibit 3 to which Benjamin did not object, Benjamin drove a 2022 Dodge Challenger valued at $95,000 at 120 mph down Ohio State Route 2 on a Sunday evening in February. He allegedly ignored the police, at least to a point. Spike strips were eventually needed to remind Benjamin that the law required him to comply with police orders. Even that didn't stop him at first. He had to lose one of the car's tires completely and almost crash the car before he decided to comply. According to the U.S. Pretrial Services and Probation report, the judge who is presiding over the state case that arose from this incident denied Benjamin's request to reduce the $225,000 bond the judge set. Benjamin is scheduled to go to

> trial in that case in August. He argues that his state case will probably be dismissed now that the federal government has brought new and different charges against him. That may be, but that is no reason to think any differently than the state judge did on the issue of pretrial release. By his own actions that February evening, Benjamin showed he cannot be trusted to follow the simplest of our community's laws: a speed limit. According to the state highway patrolman's report, he wasn't even close to complying. In adjudicating the government's motion under 18 U.S.C. Sec. 3142(g), I must balance a variety of factors, including the factors the U.S Pretrial Services and Probation Officer no doubt considered in recommending pretrial release. I weigh those factors differently, though, and reach a different conclusion. Were Benjamin presently employed instead of hanging out with others who find themselves facing federal charges of a similar variety, I might have reached a different conclusion. Benjamin, however, proffered no evidence of the sort. Arguing that you are still young (20 years old) and speculating that the state judge who placed Benjamin in custody and refused to reduce the bond amount will dismiss the state case just because federal agents decided to charge Benjamin under two federal statutes are not reasons to balance those factors any differently from I have done. Especially when Benjamin's very own uncontested conduct demonstrates his ability to flee this Court's jurisdiction and in the process create a significant risk of harm to others in the community. A state judge has already indicated he doesn't trust Benjamin to follow the rules. Neither do I. I find that the government has met its burdens of showing that there is no condition or combination of conditions that will reasonably assure Benjamin's appearance as required (by a preponderance of the evidence) and the safety of any other person and the community (by clear and convincing evidence) if he were to be released pretrial. Accordingly, the government's motion for pretrial detention is granted.

(*Id*. at 3.)

## II. DISCUSSION

Benjamin has now pleaded guilty to Counts 1 and 4 of the Indictment, in which he is charged with one count of Conspiracy to Commit Sale or Receipt of Stolen Vehicles, in violation of 18 U.S.C. § 371 and one count of Sale or Receipt of Stolen Vehicles, in violation of 18 U.S.C. § 2313. Prior to entering his change of plea, Benjamin objected to the magistrate judge's order imposing detention pending trial. Title 18 U.S.C. § 3145(b) permits a defendant to seek review of a pretrial detention order of a magistrate judge. When the Court "acts on a motion to revoke or

amend a magistrate's detention order, [it] acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992).

As explained more thoroughly below, the Court, having conducted its *de novo* review, finds that, at the time of the detention hearing, the government presented clear and convincing evidence that no condition or combination of conditions exist that would reasonably ensure the safety of the community and Benjamin's appearance at trial. That said, because Benjamin has now pleaded guilty and awaits sentencing, in order to release him pending sentencing, the presumption now favors detention and this Court must find by clear and convincing evidence that Benjamin is not likely to flee or pose a danger to any other person or the community (18 U.S.C. § 3142(a)), which for the reasons stated herein, the Court does not so find.

As he did at the detention hearing, Benjamin relies on the recommendation in the PTSR that he be released on bond, as well as his lifelong ties to the community. He does not question the authenticity or accuracy of the state highway patrol report, but he suggests that in the "split second" after seeing the police's flashing lights, he made "the wrong decision to flee." (Doc. No. 24 at 4.) He notes that no one was hurt by his actions, and that all he can do now is move on from there. (*Id.*)

While no one was hurt, it was not because of anything Benjamin did. Rather, his actions put the very community he claims to be deeply connected to in jeopardy with his seriously dangerous actions. It was only fortuitous that his reckless actions (which could have resulted in his own death) did not have more serious consequences for others that he intentionally put in harm's way. Further, regardless of whether his reckless and careless decision was made in a split

second, the fact remains that his first reaction to a show of authority and commands from law enforcement to stop was to recklessly flee. The events of February 28, 2022, both underscore the danger he posses to the community and leaves the undersigned with serious doubts that Benjamin would appear as commanded by this Court or abide by any bond conditions that could be imposed. The Court agrees with the magistrate judge that they weigh strongly against pretrial release, even with conditions.

Moreover, Benjamin's attempt to evade law enforcement was only one of the facts the magistrate judge relied on in ordering his detention pending trial. Benjamin does not challenge any of magistrate judge's other findings, including the strength of the evidence against him,[2] his prior criminal history that included a weapons conviction, and his lack of stable employment. (Doc. No. 12 at 2–3.) These additional facts speak both to the danger Benjamin poses to the community and whether he would be compliant with bond conditions, and neither of these factors weigh in his favor. Finally, the Court cannot ignore that the charged (and now, admitted) criminal offenses are serious and will subject Benjamin to a lengthy period of incarceration. The Court finds, as did the magistrate judge, that these facts all strongly counsel against release.

In concluding that, at the time of the detention hearing, the government met its burden of demonstrating the need for pretrial detention, the Court has taken into consideration Benjamin's family ties and the fact that he has a stable place to live if he were released. The Court has also considered the fact that the charged (and now, admitted) offenses, themselves, are not crimes of

---

[2] In *United States v. Stone*, the Sixth Circuit clarified that the weight of the evidence against the defendant "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." 608 F.3d 939, 948 (6th Cir. 2010) (citation omitted). As previously observed, Benjamin does not challenge the magistrate judge's finding that the weight of the evidence of dangerousness, including the highway patrol report and his criminal history, constitutes strong evidence in favor of continued pretrial detention.

violence. Indeed, the theft of vehicles is not an inherently dangerous activity. Still, it is what Benjamin has chosen to do with the fruits of his illicit endeavors—engage in a high-speed police chase in a stolen high-end muscle car—that leads the Court to the inevitable conclusion that Benjamin appears unwilling or unable to conform his behavior to abide by laws designed to protect the community. The Court finds that these facts render Benjamin an especially poor candidate for release on bond pending trial. This was true at the time of his detention hearing and it is particularly true now since Benjamin as pleaded guilty to Counts 1 and 2 and awaits his sentencing hearing.

### III. CONCLUSION

Based on its *de novo* review, the Court finds that, at the time of his detention hearing, the record established by clear and convincing evidence that no condition or combination of conditions would reasonably assure Benjamin's appearance as required by the Court and the safety of any other person or the community. For the same reasons, the Court is unable now to find (after Benjamin has admitted his guilt) by clear and convincing evidence that Benjamin is not likely to flee or pose a danger to the safety of any other person or the community if released.

For the foregoing reasons, Benjamin's motion to revoke the detention order is DENIED.

**IT IS SO ORDERED**.

Dated: November 8, 2022

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**